# IN THE UNITED STATES DISTRICT COURT,
## MIDDLE DISTRICT OF TENNESSEE

### AT NASHVILLE

KAREN L DEMOOR )
)
)
Plaintiff, )
)
v. )
)
FREEMAN WEBB COMPANY )
REALTORS, et al., )
)
Defendants.) )
)
)

Case No.\_\_\_3:24-cv-01111_____

Judge Trauger
Magistrate Judge Newbern

## PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Plaintiff Karen Demoor, proceeding pro se, respectfully moves this Court to alter or amend its judgment entered on March 3, 2026.

## I. INTRODUCTION

Plaintiff respectfully requests reconsideration of the Court's dismissal with prejudice of her claims under the Fair Housing Act. While the Court found that Plaintiff failed to allege a request for reasonable accommodation related to her disability, Plaintiff submits that her allegations, when liberally construed, support a plausible claim or, at minimum, demonstrate that amendment should have been permitted. Dismissal with prejudice under these circumstances constitutes manifest injustice.

## II. LEGAL STANDARD

A motion under Rule 59(e) may be granted to correct a clear error of law or prevent manifest injustice. Plaintiff submits that reconsideration is appropriate here because the Court's dismissal with prejudice prevents Plaintiff from curing pleading deficiencies that could be remedied through amendment

## III. ARGUMENT

### A. Plaintiff's Allegations, Liberally Construed, Support a Plausible Claim

Plaintiff alleged that she is disabled and receives Social Security disability benefits. Plaintiff further alleged that Defendants were aware of her disability.

Plaintiff also alleged prolonged unsafe living conditions, including a broken window that remained unrepaired for approximately six months and multiple inoperable smoke detectors. Plaintiff repeatedly notified Defendants of these hazardous conditions and expressed that she did not feel safe in her dwelling.

Construed liberally, Plaintiff's communications to Defendants regarding unsafe conditions, combined with Defendants' knowledge of her disability, can be understood as requests for relief necessary for Plaintiff's safe use and enjoyment of her dwelling under the Fair Housing Act.

**B. The Court's Dismissal With Prejudice Constitutes Manifest Injustice**

The Court dismissed Plaintiff's Fair Housing Act claim on the basis that Plaintiff did not clearly allege a request for reasonable accommodation related to her disability.

However, Plaintiff is proceeding pro se, and any deficiency in clearly articulating the connection between her disability and Defendants' conduct is a pleading issue that could have been cured through amendment.

Courts are required to construe pro se pleadings liberally. Here, Plaintiff's allegations demonstrate that she raised ongoing safety concerns, that Defendants were aware of her disability, and that hazardous conditions were not timely addressed.

Under these circumstances, dismissal with prejudice—without providing Plaintiff an opportunity to amend—results in manifest injustice.

**C. Plaintiff Should Be Granted Leave to Amend**

If the Court finds that Plaintiff's original complaint did not sufficiently allege a request for reasonable accommodation, Plaintiff respectfully requests leave to amend her complaint to clarify:

- Defendants' knowledge of her disability;

- The connection between her disability and the unsafe conditions; and

- That her requests for repairs were necessary for her safe use and enjoyment of the dwelling.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Alter or amend its judgment under Rule 59(e);

2. Vacate the dismissal with prejudice of Plaintiff's Fair Housing Act claim; and

3. Grant Plaintiff leave to file an amended complaint.

Respectfully submitted this 31st day of March, 2026,

Karen L. DeMoor
415 Rome Pike
Apt. #5101
Lebanon, TN 37087
629-999-9142
DeMoor.KL@gmail.com
Pro-Se Plaintiff

## IN THE UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF TENNESSEE

### AT NASHVILLE

KAREN L DEMOOR )
)
)
Plaintiff, )
)
)  Case No.___3:24-cv-01111_____
v. )
)
)  **Judge Trauger**
FREEMAN WEBB COMPANY )  **Magistrate Judge Newbern**
REALTORS, et al., )
)
Defendants.) )
)
)
)

## CERTIFICATE OF SERVICE

I hereby certify that on March 31st, 2026, I placed a true and correct copy the foregoing Motion in the United States Mail, with postage prepaid, addressed to:

Hall & Associates
Matt Schulenberg, et al,
Attorneys for Freeman Webb
223 Madison Street, ste. 212
Madison, TN. 37115

Karen DeMoor
415 Rome Pike
Apt. 5101
Lebanon, TN. 37087
629-999-9142
DeMoor.kl@gmail.com

Plaintiff